RECEIVED
SDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
1/30/15
cjt

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CLARANCE BARRON, JR.,<br>Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. 14-CV-02754 |
| VERSUS | |
| WILLIAM EARL HILTON, et al.,<br>Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, with supplemental state law claims, by plaintiff Clarance Barron, Jr. in the Louisiana 9th Judicial District Court in Rapides Parish on August 26, 2014 (Doc. 1). The suit was removed to the United States District Court for the Western District of Louisiana on September 18, 2014 (Doc. 1). The named defendants are Rapides Parish Sheriff William Earl Hilton (in both his official and individual capacities), the Rapides Parish Sheriff's Office, Rapides Parish Sheriff's Deputies Michael Gill, Brett Bolin, an unknown deputy, and Rapides Parish Sheriff's Office insurer Powder Skiing, LLC (formerly the Tammiello Group, LLC) (Doc. 1).

Barron contends that, on August 30, 2013, the deputies used excessive force against him by intentionally striking Barron with

a police vehicle and arrested him without probable cause, and that Sheriff Hilton failed to properly train or supervise the deputies, employed a custom or policy of permitting his deputies to use excessive force, and is vicariously liable for the torts committed by his deputies (Doc. 1).

In his complaint, Barron alleges that, on about August 30, 2013, he was a passenger in a truck driven by Donald Rachel; Barron and Rachel had been cutting grass (Doc. 1). While Rachel asked whether the owner of 1402 Singer Street in Tioga, Louisiana wanted to have his grass cut that day, Barron waited in the truck. Barron further alleges that, unknown to Rachel and Barron, a complaint has been made at that address and Deputies Bolin and Gill were responding to the complaint; in furtherance of that investigation, the deputies saw Barron sitting in the truck with the windows down. Barron alleges that Deputies Bolin and Gill ordered Barron to step out of the truck, remove his hand from his pocket and put his beer down, which Barron did, then raised both hands into the air (Doc. 1). Barron further alleges that, at that time, a second police unit driven by an unknown deputy arrived; the unknown deputy intentionally and maliciously struck Barron with his vehicle, knocking him to the ground and placing a large dent in the door of the police vehicle (Doc. 1). The unknown deputy left the scene before Acadian Ambulance arrived. Barron alleges he suffered a fractured right shoulder, concussion, headaches, memory loss,

bruises and contusions to his head, shoulder, hip and index finger, and nightmares. (Doc. 1). Barron also alleges he was arrested without probable cause (Doc. 1).

In their answer, defendants allege that, after complying with their orders, Barron suddenly and unexpectedly turned and ran in the direction of Singer Street, tripped and fell into a parked patrol car, and dented the car upon impact (Doc. 2). Defendants further contend they discovered there were three active warrants for Barron's arrest and he was arrested pursuant to those warrants (Doc. 2).

For relief Barron asks for monetary damages and costs.

Defendants answered the complaint (Doc. 2) and filed a motion to dismiss pursuant to Fed.R.Civ.P. rule 12(b)(6) (Doc. 5), contending the Rapides Parish Sheriff's Office is not a legal entity capable of being sued and should be dismissed from the suit. Barron has not opposed defendants' motion.

## Law and Analysis

### Motion to Dismiss

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief. <u>Hirras v. National Railroad Passenger Corp.</u>, 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732 (1994); <u>Doe</u>, 753 F.2d at 1102. For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true, and any ambiguities must be resolved in favor of the pleader. <u>Doe v. U.S. Dept. of Justice</u>, 753 F.2d 1092, 1101 (D.C.Cir. 1985).

Parish Sheriff's Offices are not legal entities capable of being sued. The State of Louisiana grants no such legal status to any Parish Sheriff's Office.[1] <u>Ruggiero v. Litchfield</u>, 700 F. Supp. 863, 865 (M.D.La. 1988); <u>Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept.</u>, 350 So.2d 236. 238 (La. App., 3d Cir.), writ den., 352 So. 2d 235 (La. 1977). Also, <u>Riley v. Evangeline Parish Police Jury</u>, 630 So.2d 1314, 1320 (La. App. 3d Cir. 1993), rev'd in part on other grounds, 637 So.2d 395 (La. 1994); <u>Ferguson v. Stephens</u>, 623 So.2d 711, 714-15 (La. App. 4th Cir. 1993); <u>Garner v. Avoyelles Parish Sheriff's Dept.</u>, 511 So.2d 8 n.1 (La. App. 3d Cir. 1987).

---

[1] La. R.S. 13:5901 through 13:5911 empower the sheriff to raise revenues to finance his facilities and services through the creation of a continuing legal entity in each parish known as a law enforcement district, whose corporate existence survives the term of office of any individual sheriff. La. R.S. 13:5912 specifically creates the Rapides Parish Law Enforcement District.
    For all practical purposes, the Law Enforcement District of Rapides Parish is the Rapides Parish Sheriff. See <u>Law Enforcement District of Parish of Avoyelles v. Avoyelles Parish Police Jury</u>, 98-996 (La. App. 3d Cir. 2/3/99), 736 So.2d 842, writ den., 99-635 (La. 4/23/99), 742 So.2d 892.

Thus, the Rapides Parish Sheriff's Office is not a "person" capable of being sued under Section 1983.

Accordingly, defendants' motion to dismiss (Doc. 5) should be granted and Barron's §1983 action against the Rapides Parish Sheriff's Office should be dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Barron's Section 1983 action against the Rapides Parish Sheriff's Office be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**


**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ____ day of January 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE